S. FEY EPLING (SBN 190025)
fey.epling@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone:    (415) 591-7500
Facsimile:    (415) 591-7510

Attorneys for Defendant
VWR INTERNATIONAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARIA AMANTE,

                Plaintiff,

v.

VWR INTERNATIONAL, LLC; and
DOES 1 through 10,

                Defendants.

Case No. CV 13 3206

**DEFENDANT'S NOTICE OF REMOVAL
OF ACTION UNDER 28 U.S.C. Sec. 1441(b)
and 28 U.S.C. § 1446**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

      PLEASE TAKE NOTICE that Defendant VWR INTERNATIONAL, INC. ("VWR")

submits this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441(b) and 1446 to

effect the removal of the above-entitled action from the Superior Court of the State of California,

County of San Mateo to the United States District Court for the Northern District of California.

## BACKGROUND

      1.     On April 19, 2013, Plaintiff filed a Complaint in the Superior Court of the State of

California, for the County of San Mateo, alleging claims for (1) disability discrimination; (2)

wrongful termination in violation of public policy; (3) violation of the California Family Rights

Act ("CFRA"), Cal. Gov. Code §§ 12945.1 *et seq.* and the Family and Medical Leave Act

("FMLA") 29 C.F.R. § 825.100, *et seq.*; and (4) retaliation in violation of the FMLA, CFRA, and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    the Fair Employment and Housing Act ("FEHA").

2    2.    A copy of the Summons and Complaint are attached hereto as Exhibit A, together

3    with all other documents served on Defendant. The allegations of the Complaint are incorporated

4    by reference in this Notice of Removal without admitting them.

5    3.    No other proceedings have occurred in this action.

6    **TIMELINESS OF REMOVAL**

7    4.    On June 12, 2013, Plaintiff Maria Amante served VWR International, LLC with a

8    copy of the Summons and Complaint. This Notice of Removal is timely as it is filed within thirty

9    days of the service of the Summons and Complaint on the Defendant. 28 U.S.C. § 1446(b).

10    **VENUE**

11    5.    San Mateo County, California is located within the Northern District of California.

12    Thus, venue is proper pursuant to 28 U.S.C. § 84(a) because this is the "district and division

13    embracing the place where [Plaintiff's] action is pending." 28 U.S.C. § 1441(a).

14    **JURISDICTION**

15    6.    Under 28 U.S.C. § 1331, the United States District Court has original jurisdiction

16    of all civil actions arising under the laws of the United States. The present action contains claims

17    under 29 C.F.R. § 825.100, *et seq.,* over which this Court has original jurisdiction and which shall

18    be removable to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

19    7.    In addition, this action is a civil action of which this Court has original jurisdiction

20    under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to

21    the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states

22    and the matter in controversy exceeds the sum of $75,000, exclusive of interest of costs because

23    plaintiff alleges, *inter alia*, wrongful termination from a position in which Plaintiff earned at least

24    $42,392.06 per year, and seeks damages of past and future lost wages and employment benefits,

25    emotional distress damages, and punitive damages, interest, and attorneys' fees and costs.

26    8.    The Complaint is silent as to the total amount of monetary relief sought. However,

27    the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does

28    not deprive this Court of jurisdiction or bar removal. *See Levine v. BIC USA, Inc.*, 2007 U.S.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION      - 2 -      CASE NO. _____
SF01/896190 1

1 Dist. LEXIS 60952 at 7-8 (C.D. Cal. 2007). The preponderance of the evidence standard means

2 only that the defendant must provide evidence establishing that it is "*more likely than not*" that

3 the amount in controversy is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th

4 Cir. 1996). This standard is not "daunting," and courts recognize that a removing defendant is not

5 obligated to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph*

6 *Lauren Corp.,* 536 F. Supp.2d 1199 (E.D. Cal., 2008) (*citing McCraw v. Lyons*, 863 F.Supp. 430,

7 434 (W.D. Ky 1994)). In measuring the amount in controversy, the ultimate inquiry is what

8 amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually

9 owe. *Id.*

10      9. VWR is informed and believes that Plaintiff is and has been a resident of the

11 County of San Mateo, State of California, at all times relevant to this matter. Complaint ¶ 9,

12 Declaration of Susan Bernholdt, ¶ 3. For diversity purposes, a person is a "citizen" of the state in

13 which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th

14 Cir. 1983). Therefore, Plaintiff is a citizen of California.

15      10. Defendant VWR International, LLC is a Delaware limited liability company with

16 its principal place of business in Radnor, Pennsylvania. Bernholdt Decl., ¶ 2. The citizenship of

17 fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28

18 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a).

19      11. Here, diversity of citizenship is met because the Plaintiff is a citizen of California

20 while the Defendant is a citizen of Pennsylvania. See 28 U.S.C. § 1332(d)(2)(A).

21 **OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

22      1. VWR has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. §

23 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in state court or

24 served on VWR in the state court are provided as Exhibit A.

25      2. Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal (with a copy of this

26 notice of removal) will be promptly filed with the clerk of the Superior Court of California, County

27 of San Mateo, Case No. CIV521208 and will promptly be served on Plaintiff's counsel of record.

28      3. By removing this action to this Court, Defendant does not waive any defenses,

1    objections or motions available to it under state or federal law.

2         WHEREFORE, Defendant respectfully removes this action from the Superior Court of the

3    State of California for the County of San Mateo to the United States District Court for the

4    Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441 and 1453.

5

6    Dated: July ___10___, 2013                    DRINKER BIDDLE & REATH LLP

7

8                                                 By:_____
                                                    S. Fey Epling

9                                                 Attorneys for Defendant
                                                 VWR INTERNATIONAL, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION                                    - 4 -                    CASE NO. _____
SF01/896190 1

A



CORPORATION SERVICE COMPANY·

# Notice of Service of Process

**Primary Contact:** George Van Kula
VWR International, LLC
Radnor Corporate Center, Bldg 1
Suite 200 100 Matsonford Road
Radnor, PA 19087

| | |
|---|---|
| **Entity:** | VWR International, LLC<br>Entity ID Number 2286073 |
| **Entity Served:** | VWR International, LLC. |
| **Title of Action:** | Maria Amante vs. VWR International, LLC. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Mateo County Superior Court, California |
| **Case/Reference No:** | CIV521208 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/12/2013 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Un Kel Wu<br>415-695-1000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VWR International, LLC., and DOES 1 through 10

**ENDORSED FILED**
**SAN MATEO COUNTY**

APR 1 9 2013

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Maria Amante

**Clerk of the Superior Court**
By _____ Rebecca Krill
**DEPUTY CLERK**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of San Mateo, 400 County Center, Redwood City, CA 94063

**CASE NUMBER** *(Número del Caso)* CIV 521208

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Un Kei Wu, Liberation Law Group, P.C. 2760, Mission Street, San Francisco, CA 94110. (415)695-1000.

DATE: APR 1 9 2013    **JOHN C. FITTON**    Clerk, by    **R. KRILL** , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
    VWR International, LLC
3. ☒ on behalf of *(specify):*

   Under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☒ by personal delivery on *(date):* 6/12/13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Arlo Garcia Uriarte, SBN 231764
Un Kei Wu, SBN 270058
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for Plaintiff
MARIA AMANTE

ENDORSED FILED
SAN MATEO COUNTY

APR 1 9 2013

Clerk of the Superior Court
By ___ Rebecca Krill
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN MATEO

UNLIMITED JURISDICTION

| | |
|---|---|
| Maria Amante, | Case Number **CIV 521208** |
| Plaintiff, | COMPLAINT |
| vs. | (1) DISCRIMINATION<br>(2) WRONGFUL TERMINATION |
| VWR International, LLC., and DOES 1 through 10, | (3) VIOLATION OF CFRA AND FMLA<br>(4) RETALIATION IN VIOLATION OF |
| Defendants. | FEHA, CFRA AND FMLA |
| | JURY TRIAL REQUESTED |

Plaintiff Maria Amante alleges as follows:

## I. INTRODUCTION & JURISDICTION

1.     Maria Amante ("PLAINTIFF") brings this action against VWR International, LLC. ("DEFENDANT") and DOES 1 through 10 for back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs, interest, and other appropriate and just relief.

2.     Jurisdiction is proper in this court because MARIA AMANTE alleges damages exceeding $25,000.

1

3. Venue is proper in this court because PLAINTIFF was employed and worked, at all times relevant to this complaint, at DEFENDANT's Brisbane, CA regional distribution center.

## II. PARTIES

4. PLAINTIFF is an individual and was used to be called Maria Carpio.

5. PLAINTIFF was employed by DEFENDANT at all times relevant to this complaint.

6. DEFENDANT is a Pennsylvania corporation with a place of business in California.

7. PLAINTIFF is ignorant as to the true names and capacities of the defendants sued under the fictitious names DOES 1 through 10. PLAINTIFF will seek leave of court to amend this complaint to allege their names and capacities as soon as they are ascertained.

8. DEFENDANT and DOES 1 through 10 shall be referred to collectively as "DEFENDANTS" throughout this complaint.

## III. ALLEGATIONS OF FACT

9. PLAINTIFF began working for DEFENDANT since September 2000 as a call center representative in Brisbane, CA.

10. On July 13, 2011, PLAINTIFF suffered a stroke while working for DEFENDANT.

11. PLAINTIFF returned to work on August 22, 2011.

12. On September 18, 2011, PLAINTIFF was seen at the emergency room for numbness in her hand and headache.

13. On September 19, 2011, PLAINTIFF returned to work.

14. On September 20, 2011, PLAINTIFF was sent home per her physician's instructions and did not return work until October 3, 2011.

15. On October 12, 2011, PLAINTIFF was sent home from work. She was told to return on October 17, 2011 for a meeting with her supervisor.

16. On October 14, 2011, PLAINTIFF felt chest pain and shortness of breath and was rushed to the emergency room because she feared she would have another stroke. PLAINTIFF returned home after spending four hours at the hospital.

2

COMPLAINT

17. On October 17, 2011, PLAINTIFF had a follow up appointment with her doctor and was diagnosed with anxiety disorder. She was given a doctor's note which stated that she should not return to work until October 25, 2011.

18. On October 18, 2011, PLAINTIFF called her supervisor, Jackie Price, and informed her that PLAINTIFF was diagnosed with anxiety disorder and that PLAINTIFF was given a medical note forbidding her to work until October 25, 2011. PLAINTIFF also asked Ms. Price if PLAINTIFF should go to work to make up a meeting that she had missed. Ms. Price told PLAINTIFF not to go if PLAINTIFF was not feeling well.

19. On October 24, 2011, PLAINTIFF received a letter from DEFENDANT stating that PLAINTIFF's last official day of work was October 18, 2011. Defendant did not state a reason for her termination.

20. DEFENDANT employed more than five people throughout PLAINTIFF's employment.

21. PLAINTIFF filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against DEFENDANT on April 2, 2012.

22. The EEOC referred PLAINTIFF's EEOC complaint to the Department of Fair Employment and Housing ("DFEH").

23. On January 23, 2013, the EEOC issued a right-to-sue notice to PLAINTIFF.

## IV. CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### *(Discrimination)*

24. PLAINTIFF realleges and incorporates by reference the allegations of the paragraphs above.

25. Cal. Government code section 12940(a) makes it unlawful for an employer to discharge a person or otherwise discriminate against a person on the basis of that person's physical disability.

26. When she was terminated, PLAINTIFF had a temporary physical disability, anxiety disorder, which temporarily limited her ability to perform her job functions.

27. DEFENDANT was aware of PLAINTIFF's temporary physical disability.

3

28.    DEFENDANT authorized and/or ratified PLAINTIFF's termination by empowering its agents, PLAINTIFF's direct supervisor(s), with the ability and discretion to fire PLAINTIFF.

29.    DEFENDANT terminated PLAINTIFF because of PLAINTIFF's physical disability.

30.    DEFENDANT failed to provide PLAINTIFF a reasonable accommodation for her physical disability.

31.    As a proximate result of DEFENDANT's discrimination against PLAINTIFF, PLAINTIFF has suffered losses in past and future earnings and other employment benefits in an amount to be proven at trial.

32.    As a proximate result of DEFENDANT's discrimination against PLAINTIFF, PLAINTIFF has suffered damages from anxiety, humiliation, emotional distress, mental anguish, and accompanying physical manifestations, in an amount to be proven at trial.

33.    As a proximate result of DEFENDANT's discrimination against PLAINTIFF, PLAINTIFF has incurred expenses in an amount to be proven at trial.

34.    In discriminating against PLAINTIFF, DEFENDANT, through its agents, acted with oppression and/or malice and in willful and/or conscious disregard of PLAINTIFF's rights:

35.    PLAINTIFF requests punitive damages in an amount to be determined at trial.

36.    PLAINTIFF requests an award of attorneys' fees and costs pursuant to Cal. Government Code section 12965(b).

37.    PLAINTIFF requests interest in the amount permitted under Cal. Civil Code §§ 3287 and 3288.

## SECOND CAUSE OF ACTION

*(Wrongful Termination in Violation of Public Policy)*

38.    PLAINTIFF realleges and incorporates by reference the allegations of the paragraphs above.

39.    It is the public policy of the State of California that an employer may not terminate an employee for exercising the employee's statutory right to take time off and to seek reasonable accommodation due to a disability.

4

40. DEFENDANT terminated PLAINTIFF because she attempted to exercise her right to take time off and to seek reasonable accommodation due to her disability.

41. DEFENDANT authorized PLAINTIFF's termination through its agents, PLAINTIFF's direct supervisor(s).

42. As a proximate result of DEFENDANT's actions, PLAINTIFF has suffered losses in past and future earnings and other employment benefits in an amount to be proven at trial.

43. As a proximate result of DEFENDANT's actions, PLAINTIFF has suffered damages from anxiety, humiliation, emotional distress, mental anguish, and accompanying physical manifestations, in an amount to be proven at trial.

44. As a proximate result of DEFENDANT's actions, PLAINTIFF has incurred expenses in an amount to be proven at trial.

45. DEFENDANT, through its agents, acted with oppression and/or malice and in willful and/or conscious disregard of PLAINTIFF's rights.

46. PLAINTIFF requests punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

*(Violation of CFRA and FMLA)*

47. PLAINTIFF realleges and incorporates by reference the allegations of the paragraphs above.

48. DEFENDANT violated the California Family Rights Act ("CFRA") *Gov. Code, § 12945.1 et seq.* when DEFENDANT denied PLAINTIFF's request for medical leave to care for her serious health condition and terminated PLAINTIFF.

49. DEFENDANT violated the Family and Medical Leave Act ("FMLA") *29 C.F.R. § 825.100, et seq.* when DEFENDANT denied PLAINTIFF's request for medical leave to care for her serious health condition and terminated PLAINTIFF.

50. PLAINTIFF was eligible for medical leave.

51. PLAINTIFF requested time off to care for her health condition that temporarily prevented her from performing the functions of her job with DEFENDANT.

5

52.     PLAINTIFF provided notice to DEFENDANT regarding her need for medical leave within a reasonable time period – she informed her supervisor of her need for medical leave the day after PLAINTIFF's physician ordered her work restrictions.

53.     DEFENDANT ignored PLAINTIFF's request for medical leave and terminated her for it.

54.     As a proximate result of DEFENDANT's actions, PLAINTIFF has suffered losses in past and future earnings and other employment benefits in an amount to be proven at trial.

55.     As a proximate result of DEFENDANT's actions, PLAINTIFF has suffered damages from anxiety, humiliation, emotional distress, mental anguish, and accompanying physical manifestations, in an amount to be proven at trial.

56.     As a proximate result of DEFENDANT's actions, PLAINTIFF has incurred expenses in an amount to be proven at trial.

57.     DEFENDANT, through its agents, acted with oppression and/or malice and in willful and/or conscious disregard of PLAINTIFF's rights.

58.     PLAINTIFF requests punitive damages in an amount to be determined at trial.

59.     PLAINTIFF requests an award of attorneys' fees and costs.

60.     PLAINTIFF requests interest in the amount permitted under Cal. Civil Code §§ 3287 and 3288.

## FOURTH CAUSE OF ACTION

*(Retaliation in Violation of FEHA, CFRA and FMLA)*

61.     PLAINTIFF realleges and incorporates by reference the allegations of the paragraphs above.

62.     DEFENDANT violated the California Family Rights Act ("CFRA") *Gov. Code, § 12945.1 et seq.* when it retaliated against PLAINTIFF by terminating her for attempting to exercise her right to request medical leave to care for her serious health condition.

63.     DEFENDANT violated the Family and Medical Leave Act ("FMLA") *29 C.F.R. § 825.100, et seq.* when it retaliated against PLAINTIFF by terminating her for attempting to exercise her right to request medical leave to care for her serious health condition.

6

64.     DEFENDANT violated the Fair Employment and Housing Act ("FEHA") when it retaliated against PLAINTIFF by terminating her for attempting to exercise her right to request medical leave to care for her serious health condition.

65.     DEFENDANT, through its agents, grew impatient with PLAINTIFF's request for medical leave in October 2011.

66.     DEFENDANT felt that PLAINTIFF's request for another medical leave, since she had already received time off after she suffered a stroke, was excessive.

67.     PLAINTIFF's request for medical leave, after she was diagnosed with anxiety disorder, was a motivating reason for her termination.

68.     As a proximate result of DEFENDANT's actions, PLAINTIFF has suffered losses in past and future earnings and other employment benefits in an amount to be proven at trial.

69.     As a proximate result of DEFENDANT's actions, PLAINTIFF has suffered damages from anxiety, humiliation, emotional distress, mental anguish, and accompanying physical manifestations, in an amount to be proven at trial.

70.     As a proximate result of DEFENDANT's actions, PLAINTIFF has incurred expenses in an amount to be proven at trial.

71.     DEFENDANT, through its agents, acted with oppression and/or malice and in willful and/or conscious disregard of PLAINTIFF's rights.

72.     PLAINTIFF requests punitive damages in an amount to be determined at trial.

73.     PLAINTIFF requests an award of reasonable attorneys' fees and costs pursuant to Cal. Government Code section 12965(b) and section 107(a)(3) of the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C.A. § 2617(a)(3).

V. PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests that this court enter judgment in her favor and against DEFENDANT for:

1.      Back pay in an amount to be proven at trial;

2.      Front pay in an amount to be proven at trial;

3.      Compensatory damages for emotional distress in an amount to be proven at trial;

7

4. Punitive damages;

5. Interest;

6. Reasonable attorneys' fees and costs; and

7. Such other and further relief as the court deems just and proper.

## VI. JURY DEMAND

PLAINTIFF requests a trial by jury.

Dated: April 18, 2013                                    LIBERATION LAW GROUP, P.C.

By: _Un Kei Wu_
       Un Kei Wu
       Attorneys for Plaintiff

8



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA 94063-1655**
**——650-363-4599——————**
**www.sanmateocourt.org**

| MARIA AMANTE<br>Plaintiff(s)<br>vs.<br>VWR INTERNATIONAL LLC<br>Defendant(s) | Case No.: CIV 521208<br><br>**Clerk's Notice -**<br>**Case Management Conference** |

Title: MARIA AMANTE VS VWR INTERNATIONAL LLC

**Please take notice:** On **09/26/13** at **9:00 AM** in **Department 7** of the above-entitled Court at the Hall of Justice and Records, 400 County Center, Redwood City, California, a **case management conference** will be held pursuant to San Mateo County Local Rules of Court No. 2.3.

All attorneys of record and self-represented parties are required to attend this conference.

All parties shall complete a case management statement and file it with the clerk's office in Redwood City fifteen (15) days before the conference.

Counsel or parties are also directed to comply with the time requirements for service of process and responses set forth in San Mateo County Local Rule of Court 2.3(D). At the case management conference the Court will inquire into compliance with the local rules regarding service of process and responses and issue appropriate sanctions for failure to comply with the San Mateo County Local Rules of Court.

Date: 05/23/13
By Order of the Presiding Judge

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the above date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 05/23/13

John C. Fitton,
Court Executive Officer/Clerk

By: CHERYL LYSSAND
Deputy Clerk

Copies mailed to:

UN KEI WU
2760 MISSION ST
SAN FRANCISCO CA 94110

## PROOF OF SERVICE

I, Vanessa Vera Al Shaikha, declare as follows:

I am over the age of eighteen years and not a party to the within entitled action. I am over the age of 18 and not a party to this action. My business address is 2760 Mission Street, San Francisco, CA 94110. I am familiar with the employer's business practice for collection and processing of mail using the United States Postal Service. On May 30, 2013, I served the attached:

### CLERK'S NOTICE- CASE MANAGEMENT CONFERENCE

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

**George Vankula, Esq.**
**VWR International, LLC.**
**100 Matsonford Road, Suite 200**
**Radnor, PA 19087**

and served the named document in the manner indicated below:

☒ **BY MAIL:** I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at San Francisco, CA for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE:** I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐ **BY EXPRESS SERVICES OVERNIGHT:** I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNIGHT for overnight courier service to the office(s) of the addressee(s).

☐ **BY FACSIMILE:** I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was Fax. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile machine to print a transmission record of the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 30, 2013, at San Francisco, California.

Vanessa Vera Al Shaikha

1

# Important Notice re: Nonrefundable Advance Jury Fees-Please Read

## DEPOSIT OF ADVANCE JURY FEES

## FREQUENTLY ASKED QUESTIONS

(Assembly Bill 1481 (2011-2012 Reg. Sess.))

| | |
|---|---|
| Q: What is the nonrefundable jury fee? | A: At least one party demanding a jury on each side of a civil case must pay a non-refundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case. (Code Civ. Proc., § 631(b).) If there are multiple plaintiffs and/or defendants in the same case, only one jury fee per side is *required* to avoid waiver of a jury under Code of Civil Procedure section 631(f). |
| Q: What are the deadlines for paying the nonrefundable jury fee? | A: The nonrefundable jury fee must be paid on or before the date scheduled for the initial case management conference in the action, except as follows:<br><br>1. In unlawful detainer actions the fees shall be due at least five days before the date set for trial.<br><br>2. If no case management conference is scheduled in a civil action, or the initial case management conference occurred before June 28, 2012 and the initial complaint was filed *after* July 1, 2011, the fee shall be due no later than 365 calendar days after the filing of the initial complaint.<br><br>3. If the initial case management conference was held before June 28, 2012 and the initial complaint in the case was filed *before* July 1, 2011, the fee shall be due at least 25 calendar days before the date initially set for trial.<br><br>4. If the party requesting a jury has not appeared before the initial case management conference, or first appeared more than 30 calendar days after the filing of the initial complaint, the fee shall be due at least 25 calendar days before the date initially set for trial. (Code Civ. Proc., § 631(c).) |
| Q: What if a party misses the deadline to pay the nonrefundable jury fee? | A: Except under the circumstances provided in Code of Civil Procedure section 631(d), (discussed in FAQ 1.4), a party has waived the right to a trial by jury in that action, unless another party on the same side of the case timely paid the nonrefundable jury fee. (Code Civ. Proc., § 631(f)(5).)<br><br>Note: The court may, in its discretion upon just terms, allow a trial by jury despite the waiver. (Code Civ. Proc., § 631(g).) |
| Q: What if a party missed a deadline to pay the nonrefundable jury fee between June 27, 2012 and November 30, 2012? | A: If a party failed to timely pay a nonrefundable jury fee that was due between June 27, 2012, and November 30, 2012, inclusive, the party will be relieved of a jury waiver on that basis only, if the party pays the fee on or before December 31, 2012 or 25 calendar days before the date initially set for trial, whichever is earlier. (Code Civ. Proc., § 631(d).) |

| Question | Answer |
|---|---|
| Q: May a clerk accept payment of a nonrefundable jury fee after the deadline has passed? | A: There is nothing in the recent amendments to Code of Civil Procedure section 631 that directs or authorizes courts to refuse a late payment of the nonrefundable jury fee. Absent this direction or authority, the clerk likely should accept advance jury fees tendered by a party, provide a receipt, and record in the court file the date the fees were received. (See *People v. Franches* (1998) 67 Cal.App.4th 240, 244 [court clerks "must act in strict conformity with statutes, rules, or orders of the court" defining their duties, and have "no power to decide questions of law nor any discretion in performing" their duties.]) Note: Except as provided in Code of Civil Procedure section 631(d), only a judge has the authority to grant a jury trial following a waiver. |
| Q: Is payment of the nonrefundable jury fee required if the party does not want to retain the right to a jury in the action? | A: No. Only parties that want to retain the right to a jury must pay the nonrefundable jury fees. |
| Q: May the nonrefundable jury fee be waived because of a party's financial condition? | A: Yes. A court may (but is not required to) waive jury fees and expenses, and other fees or expenses itemized in an application for a fee waiver under rule 3.56(1) and (6) of the California Rules of Court. |
| Q: May the court waive the nonrefundable jury fee for government entities under Government Code section 6103? | A: No. Government Code section 6103 explicitly states: "This section does not apply to civil jury fees or civil jury deposits." Although this exception to the fee waiver for government entities predates the creation of the nonrefundable jury fee, the plain language of the exception applies to the nonrefundable jury fee. |
| Q: If more than one party on a side pays the nonrefundable jury fee, is any refund of the additional fee due? | A: No. Code of Civil Procedure 631(b) requires "*at least* one party demanding a jury on each side" to pay the nonrefundable jury fee, "unless the fee has been paid by another party on the same side of the case." (Emphasis added.) In addition, Code of Civil Procedure section 631.3, which governs refunds of jury fees states in subdivision (c) that the "fee described in subdivision (b) of Section 631 shall be nonrefundable and is not subject to this section. Therefore, although they are not required to pay the jury fee, if additional parties on a side pay the nonrefundable jury fee, that fee is still nonrefundable. The additional fee may not be used to offset actual juror fees or mileage, either. |
| Q: Are any jury fees refundable? | A: Yes. Any $150 advance jury fee deposited *before* June 28, 2012 may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. Similarly, any jury fees other than the $150 advance jury fees that are deposited, but not used, may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. |

# NOTICE OF CASE MANAGEMENT CONFERENCE

*Maria Amanti*

ENDORSED FILED
SAN MATEO COUNTY
APR 1 9 2013
Clerk of the Superior Court
By Rebecca Krill
DEPUTY CLERK

Case No: **CIV 5 2 1 2 0 8**

vs.

*U & R International*

Date: _9-24-13_

Time 9:00 a.m.

Dept. _13_ --on Tuesday & Thursday
Dept. _____ --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute-resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10–days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a) Referring parties to voluntary ADR and setting an ADR completion date;
   b) Dismissing or severing claims or parties;
   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:　　　　　　FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063-1655
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|---|
| *(Check one):* | ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:　　　　　　Time:　　　　　Dept.:　　　　Div.:　　　　Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  Jury or nonjury trial
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  Trial date
    a. ☐ The trial has been set for *(date):*
    b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  Estimated length of trial
The party or parties estimate that the trial will take *(check one):*
    a. ☐ days *(specify number):*
    b. ☐ hours (short causes) *(specify):*

8.  Trial representation *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a. Attorney:
    b. Firm:
    c. Address:
    d. Telephone number:                              f. Fax number:
    e. E-mail address:                               g. Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  Preference
    ☐ This case is entitled to preference *(specify code section):*

10. Alternative dispute resolution (ADR)
    a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. Referral to judicial arbitration or civil action mediation (if available).
    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CASE MANAGEMENT STATEMENT

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CASE MANAGEMENT STATEMENT

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. Economic litigation

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. Other issues

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. Meet and confer

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## CHAPTER 2. CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1. MANAGEMENT DUTIES

Rule 2.2 Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

## PART 2. CASEFLOW MANAGEMENT

Rule 2.3 New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.. For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a) Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1) To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2) To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3) To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4) In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b) Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed. The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.



(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     ˙Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)  ... A blank copy of the Judicial Council Case Management Statement; ..

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

(A) Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 – 3.1206,* within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B) Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C) Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e) Case management conference

(1) Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2) Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3) Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4) The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5) The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6) Designation of trial counsel: Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not



specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)     Conference orders: At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)     An order referring the case to arbitration, mediation or other dispute resolution process;

(B)     An order transferring the case to the limited jurisdiction of the superior court;

(C)     An order assigning a trial date;

(D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)     An order scheduling the exchange of expert witness information;

(H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

(A)     Reference CRC, Rule 3.670

(B)     Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing. Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall. CourtCall will fax confirmation of the request to parties.

(C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

(D)    At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)    Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)    Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referées. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)    Stipulations to Arbitration

(1)    If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)    It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing.*" Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)    Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must



state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing: (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days, file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     ADR Program Complaint Policy If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first. In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator. (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)    Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two- settlement-conference-dates,-the-first-of-which-will-be-at-the-earliest-practicable-date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)    Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

## Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)    A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)    An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)    An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)    An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

## Rule 2.4 Settlement Conference

Reference: California Rule of Court, rule 3.138.



### How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

     ✍     The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

     ✍     All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

     ✍     If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

     ✍     You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.

        o     For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

     ✍     If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

     ✍     Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

### Do I Have to Pay to Use ADR?

     ✍     Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

     ✍     If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC") and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 363-4148 / fax: (650) 599-1754

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [New September, 2010] www.sanmateocourt.org



### How Does Voluntary Mediation/Neutral Evaluation Work In San Mateo County?

⚖   The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

⚖   All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

⚖   If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

⚖   You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.

    o   For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

⚖   If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

⚖   Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

### Do I Have to Pay to Use ADR?

⚖   Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

⚖   If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center (PCRC); and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

For more information, visit the court website at www.sanmateocourt.org/edr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 363-4148 / fax: (650) 599-1754

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-5 [New September, 2010] www.sanmateocourt.org

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

## What are the Advantages of Using Judicial Arbitration?

⚫ *Free* -Parties do not have to pay for the arbitrator's fee.

⚫ *Fast* -Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

⚫ *Informal* -The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

⚫ The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

⚫ During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

⚫ Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

⚫ Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

   o   For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

⚫ After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

⚫ If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

⚫ Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County-Center, First Floor, Redwood City, CA 94063. Phone: (650) 363-4896 and Fax: (650) 365-4897

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-5 [New September, 2010] www.sanmateocourt.org

# ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

Clerk of the Superior Court, Civil Division
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

  ❑ Original signatures for all attorneys (and/or parties in pro per);
  ❑ The name of the neutral;
  ❑ Date of the ADR session; and
  ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

## If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

## Post-ADR-Session-Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

## Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 599-1070.

S. FEY EPLING (SBN 190025)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone:    (415) 591-7500
Facsimile:    (415) 591-7510

Attorneys for Defendant
VWR INTERNATIONAL, LLC

ENDORSED FILED
SAN MATEO COUNTY

JUL 11 2013

Clerk of the Superior Court
By ___ UNA FINAU
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| MARIA AMANTE,<br><br>          Plaintiff,<br><br>     v.<br><br>VWR INTERNATIONAL, LLC; and<br>DOES 1 through 10,<br><br>          Defendants. | Case No. CIV 521208<br><br>ANSWER TO COMPLAINT |

Defendant VWR International, LLC ("Defendant") hereby answers the Complaint filed in this action on April 19, 2013, by plaintiff Maria Amante ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of Section 431.30, *et seq.*, of the California Code of Civil Procedure, Defendant generally denies each and every material allegation in the Complaint and specifically denies that Plaintiff has been damaged in any amount, sum, or manner whatsoever by reason of any alleged acts or omissions on the part of Defendant or its officers, directors, employees, and/or agents.

### AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/896185.1

ANSWER TO COMPLAINT

COPY

FAXED

1  Defendant specifically reserves the right to modify, amend, or supplement any affirmative

2  defenses contained herein at any time. Defendant reserves the right to assert additional defenses

3  as information is gathered through discovery and investigation. In asserting these defenses,

4  Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect

5  to any of these matters and does not assume the burden of proof and/or persuasion with respect to

6  any matter as to which Plaintiff has the burden of proof or persuasion.

7      Subject to the preceding qualifications, Defendant alleges the following separate

8  affirmative defenses to the Complaint.

9                          **FIRST AFFIRMATIVE DEFENSE**

10     The Complaint, and each cause of action alleged therein, fails to allege facts sufficient to

11  state a claim on which relief can be granted.

12                         **SECOND AFFIRMATIVE DEFENSE**

13     The Complaint, and each claim contained therein, fails, in whole or in part, because

14  Defendant had a reasonable, honest, good faith belief that all acts and omissions, if any, affecting

15  Plaintiff is made by Defendant solely for legitimate, business-related reasons that were neither

16  arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant

17  understood them.

18                          **THIRD AFFIRMATIVE DEFENSE**

19     The Complaint is barred in whole or in part by the equitable doctrine of unclean hands.

20

21                         **FOURTH AFFIRMATIVE DEFENSE**

22     The Complaint, and each claim contained therein, fails, in whole or in part, because

23  Defendant had a reasonable, honest, good faith belief that all acts and omissions, if any, affecting

24  Plaintiff is made by Defendant solely for legitimate, business-related reasons that were neither

25  arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant

26  understood them.

27                          **FIFTH AFFIRMATIVE DEFENSE**

28     Defendant's conduct is not the sole and proximate cause of the alleged damages and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 896185.1                          - 2 -

ANSWER TO COMPLAINT

1   losses, if any. Any damages awarded to Plaintiff must be apportioned according to the respective

2   fault and legal responsibility of all parties, persons, and entities or its agents, servants, and

3   employees who contributed to and/or caused the alleged damages, if any, according to the proof

4   presented at the time of trial.

5                            **SIXTH AFFIRMATIVE DEFENSE**

6          The Complaint, and each cause of action alleged therein, fails, in whole or in part, because

7   Plaintiff failed to raise these claims in a timely fashion.

8                          **SEVENTH AFFIRMATIVE DEFENSE**

9          The Complaint, and each cause of action alleged therein, fails, in whole or in part, because

10  Plaintiff consented to the conduct complained of or have otherwise waived the right, by reason of

11  their conduct and actions, to assert the claims alleged in the Complaint.

12                          **EIGHTH AFFIRMATIVE DEFENSE**

13         The claims alleged by Plaintiff are barred, in whole or in part, by the applicable statutes of

14  limitations, including but not limited to California Code of Civil Procedure §§ 335.1 and 343;

15  California Government Code sections 12965(b) and 12960; and 42 U.S.C. section 2000e-5(f)(1).

16                           **NINTH AFFIRMATIVE DEFENSE**

17         The Complaint is barred in whole or in part as plaintiff failed to mitigate her damages, if

18  any.

19                           **TENTH AFFIRMATIVE DEFENSE**

20         The Complaint is barred in whole or in part because at all relevant times, GSK had in

21  place an appropriate internal system for the reporting and investigation of discrimination.

22                         **ELEVENTH AFFIRMATIVE DEFENSE**

23         Defendant is not liable for the alleged damages to Plaintiff because, if any person or entity

24  engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, such person or

25  entity did so without the knowledge, authorization, or ratification of Defendant.

26                          **TWELFTH AFFIRMATIVE DEFENSE**

27         The Complaint is barred in whole or in part because plaintiff unreasonably failed to follow

28  the established internal procedures for reporting workplace harassment and/or discrimination.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 896185.1                              - 3 -

ANSWER TO COMPLAINT

# THIRTEENTH AFFIRMATIVE DEFENSE

2    The Complaint is barred in whole or in part because if any internal complaint was made,

3    correct procedures were followed in investigating and addressing that complaint.

4    # FOURTEENTH AFFIRMATIVE DEFENSE

5    The Complaint is barred in whole or in part to the extent Defendant learns of wrongdoing

6    by plaintiff that would have led to discharge.

7    # FIFTEENTH AFFIRMATIVE DEFENSE

8    The Complaint is barred in whole or in part because Plaintiff's proposed accommodation

9    created an undue hardship to the operation of Defendant's business.

10    # SIXTEENTH AFFIRMATIVE DEFENSE

11    The Complaint is barred in whole or in part as Plaintiff has failed to exhaust her

12    administrative remedies.

13    # SEVENTEENTH AFFIRMATIVE DEFENSE

14    The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to

15    the extent Plaintiff is seeking recovery of damages for alleged injuries that she could reasonably

16    have avoided.

17    # EIGHTEENTH AFFIRMATIVE DEFENSE

18    The Complaint is barred in whole or in part as Plaintiff has not incurred any damages.

19    # NINETEENTH AFFIRMATIVE DEFENSE

20    The complaint is barred in whole or in part because Defendant acted in good faith at all

21    times and with respect to all matters at issue.

22    # TWENTIETH AFFIRMATIVE DEFENSE

23    The Complaint is barred in whole or in part because plaintiff fails to allege facts sufficient

24    to state a claim for punitive damages against Defendant.

25    # TWENTY-FIRST AFFIRMATIVE DEFENSE

26    To the extent Plaintiff suffered emotional distress, which Defendant denies, Defendant's

27    conduct was permissible and privileged.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 896185.1                                 - 4 -

ANSWER TO COMPLAINT

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2      Plaintiff was herself negligent and careless with respect to the matters alleged in the

3   complaint, and that such carelessness and negligence proximately contributed to the happenings

4   of the incident, and to the injuries, loss and damages complained of, if any exist, and plaintiff's

5   contributory negligence either bars or proportionately reduces any potential recovery.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7      The Complaint is barred in whole or in part because defendant would have discharged

8   plaintiff regardless of whether she had taken medical leave.

9

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

10      The Complaint is barred in whole or in part by the exclusive remedy provisions of the

11   Workers' Compensation Act.

12

## PRAYER

13      WHEREFORE, Defendant prays as follows:

14      1.      That judgment be entered in favor of Defendant and against Plaintiff;

15      2.      That Plaintiff take nothing by her Complaint and that said Complaint be dismissed,

16   in its entirety, with prejudice;

17      3.      That Defendant be awarded its costs of suit herein;

18      4.      That Defendant be awarded reasonable attorneys' fees as may be determined by

19   the Court; and

20      5.      For such other additional relief as this Court deems just and proper.

21   Dated: July  10  , 2013                    DRINKER BIDDLE & REATH LLP

22

23                                             By:_____

24                                                  S. Fey Epling

25                                             Attorneys for Defendant
                                               VWR INTERNATIONAL, LLC

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 896185.1                          - 5 -

1                        **PROOF OF SERVICE**

2         I, Michelle Sankey, declare:

3         I am a citizen of the United States and employed in San Francisco County, California. I

4 am over the age of eighteen years and not a party to the within-entitled action. My business

5 address is 50 Fremont Street, 20th Floor, San Francisco, California 94105-2235. On July 10,

6 2013, I served a copy of the within document(s):

7                   **ANSWER TO COMPLAINT**

8
9 ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

10
☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set
11      forth below.

12
☐    by placing the document(s) listed above in a sealed Delivery Service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery
13      Service agent for delivery.

14
☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.
15

16 ☐    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

17
18     Arlo Garcia Uriate
    Un Kei Wu
19     Liberation Law Group, P.C.
    2760 Mission Street
20     San Francisco, CA 94110
    Phone: 415-695-1000
21     Fax: 415-695-1006

22     *Attorneys for Plaintiff*
    MARIA AMANTE
23
24         I am readily familiar with the firm's practice of collection and processing correspondence

for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
25
day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
26
motion of the party served, service is presumed invalid if postal cancellation date or postage
27
meter date is more than one day after date of deposit for mailing in affidavit.
28

SF01/ 896469.1

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.

3        Executed on July 10, 2013, at San Francisco, California.

4

5                                    Michelle Sankey

6                                    Michelle Sankey

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF01/ 896469.1                              - 2 -

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO