IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA AMANTE,<br><br>             Plaintiff,<br><br>    v.<br><br>VWR INTERNATIONAL, LLC, and DOES 1 through 10,<br><br>             Defendants. | Case No.: C-13-03206 JSC<br><br>**ORDER DENYING MOTION TO REMAND** |

    Now pending in this employment discrimination case is Plaintiff Maria Amante's motion to remand. (Dkt. No. 9.) Pursuant to Civil Local Rule 7–1(b), the Court finds that Plaintiff's motion can be decided without oral argument. The Court accordingly VACATES the hearing on the motion scheduled for September 19, 2013. For the reasons stated below, the Court DENIES Plaintiff's motion.

    Plaintiff asserts that the Court should remand this action to state court because, although her removed Complaint stated a federal claim, she intends to amend her Complaint to eliminate any federal claim. Because Plaintiff concedes that her Complaint alleges a federal claim—violation of 29 C.F.R. Section 825.100, the Family and Medical Leave Act ("FMLA")—removal was proper under

28 U.S.C. Section 1331, which confers original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant . . . ."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed and not as amended." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (emphasis added). Thus, even if after removal Plaintiff amends her Complaint to eliminate the federal claim, removal remains proper.[1] Plaintiff's motion to remand on the ground that removal was improper is accordingly DENIED.

In her Reply Memorandum Plaintiff seeks leave to file an amended complaint. Plaintiff's request is GRANTED. *See Moore v. R.G. Indus., Inc.*, 789 F.2d 1326, 1327 (9th Cir. 1986) (leave to amend shall be freely granted in the absence of prejudice to the opposing party). Plaintiff shall file her amended complaint within 10 days of the date of this Order. If, as represented, Plaintiff eliminates her federal claim, she may file a renewed motion to remand. The Court notes, however, that because it has ruled that removal was proper, the question before the Court will be whether the parties are in fact diverse (and thus Defendant has a right to have the case remain in federal court) and not the contents of the Notice of Removal. In other words, Plaintiff should move to remand only if she has a good faith belief that Defendant, or, more precisely, one of its members, is a citizen of California.

**IT IS SO ORDERED.**

Dated: September 16, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court finds that removal was proper based on federal question jurisdiction, the Court need not address Defendant's alternative argument that removal was proper based on diversity jurisdiction.